**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

VICTOR LOWELL FRYOU                                                        PETITIONER

VERSUS                                            CIVIL ACTION NO. 1:11cv244-LG-RHW

RON KING                                                                RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

     Before the Court are Petitioner's motions [5] and [6] seeking, respectively, "declaration that his habeas Grounds One and Four are not barred by § 2254(d)," and "declaration that state law ground is not adequate nor independent of Federal law to bar Federal review" of Petitioner's Grounds Two, Three and Five, and Respondent's [7] motion to dismiss the habeas petition as time-barred pursuant to § 2244(d).  Neither party has responded to the other's motion(s), but the arguments each made in support of his own motion(s) are essentially arguments against the opponent's motion(s).  Fryou sought and was granted an extension of time to respond to the motion to dismiss.  *See* docket entry [8] and text order entered August 22, 2011.  Although counsel entered an appearance on Fryou's behalf on September 27, 2011, and sought and was granted two additional extensions of time within which to file Petitioner's response to the motion to dismiss, counsel filed no response by the last extended deadline of November 7, 2011.  In any event, because the motions are dispositive in nature, the undersigned has considered them on the merits.  Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that Petitioner's motions should be denied, the motion to dismiss should be granted.

## FACTS AND PROCEDURAL HISTORY

On February 8, 2007, a Harrison County, Mississippi Circuit Court jury found Victor Lowell Fryou guilty of capital murder, and the trial court sentenced him to a "life sentence to serve day for day without hope of parole or probation in the custody of the Mississippi Department of Corrections." [7-1]  Fryou appealed, and on April 8, 2008, the Mississippi Court of Appeals affirmed his conviction and sentence.  *Fryou v. State*, 987 So.2d 461 (Miss. App. 2008), *reh'g. denied* July 22, 2008.

The salient facts from which Fryou's conviction arose are stated in the appellate court opinion.  On the morning of August 20, 2005, Fryou went to the residence of the victim Devriendt, and stabbed and cut Devriendt some fifty-seven times before driving off in Devriendt's truck and allegedly taking Devriendt's wallet and $1,000 cash.  Fryou admitted killing Devriendt, but testified at trial that the killing was in self defense or that he was provoked by Devriendt's comments about Fryou's girlfriend, Aubrey[1] Newsome.  Fryou also testified he blacked out and did not remember the fight, despite the fact that he had described the altercation in his initial statement to law enforcement officers.  On the night of August 21, 2005, Newsome called police to report that her boyfriend had killed someone.  She testified Fryou left home in the early morning hours on the day of the killing, purportedly to look for work, taking a large knife with him.  When he returned three hours later, Fryou told her he had killed Devriendt, and Newsome testified Fryou had Devriendt's wallet and approximately $1,000 cash.  Fryou told Officer Kamien on the night of August 21, 2005 that "he killed someone for having sex with

---

[1]Fryou's pleadings refer to this witness as "Audrey," but the appellate decision refers to her as Aubrey.

Newsome."[2]  Officers discovered Devriendt's body in his trailer, found a pair of bloody shoes on

the side of the road, found the stolen truck abandoned behind a laundromat, and Fryou directed

them to a plaid shirt and Devriendt's wallet which Fryou had buried in his sister's yard.[3]  Fryou

confessed to killing Devriendt and stealing his wallet and truck, but later denied stealing the

wallet, claiming instead that Newsome had stolen the wallet and he (Fryou) had gone to

Devriendt's trailer to return it on the morning of the killing.

        After the appellate court affirmed Fryou's conviction and sentence, Fryou admittedly

sought no further review in state court, and filed no petition for certiorari in the United States

Supreme Court.  [1, pp. 2-3]  In failing to pursue further state court review, Fryou halted the

appeal process and, for federal habeas purposes, his conviction became final on August 5, 2008,

fourteen (14) days after the conviction was affirmed and rehearing, denied.[4]

        In a January 6, 2010 pleading filed with the state appellate court, Fryou applied for leave

to file for post-conviction relief in the trial court, to assert claims of ineffective assistance of

counsel.  [7-3]  The Mississippi Supreme Court denied the application on March 10, 2010,

holding Fryou failed to meet both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), and

failed to make a substantial showing of the denial of a state or federal right.  [7-4], [1, p. 3]

Fryou filed a second application for leave to file for post-conviction relief on October 7, 2010 [7-

---

[2]Newsome testified she believed Fryou killed Devriendt because she had sex with Devriendt while Fryou was incarcerated in an effort to get money to get Fryou out of jail.  Fryou had found about this and confronted Devriendt though there was no altercation between the men at that time.  The men had no further contact until the morning of the killing.

[3]Fryou and Newsome had been living with Fryou's sister.

[4]Although Fryou did not petition for certiorari to the Mississippi Supreme Court after the Mississippi Court of Appeals affirmed his conviction and sentence, pursuant to Rule 17(b),  Miss.R.App.P., he *could have* sought such a writ within fourteen days of the affirmance and denial of rehearing, thus the limitations period does not begin to run until after the fourteen days expire.  *See also*, *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003)("The language of § 2244(d)(1)(A) provides that a decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'").
.

5], reiterating his claim of ineffective assistance of counsel, and arguing he had newly discovered evidence entitling him to relief.  On November 9, 2010, the Mississippi Supreme Court denied the second application as a successive writ, rejecting Fryou's claim that newly discovered evidence excepted him from the procedural bar, and finding that the evidence Fryou presented "does not constitute newly discovered evidence pursuant to the statute."[5]  The newly discovered evidence which Fryou urged in his second post-conviction application, and re-urges in the habeas petition before this Court, consists of an affidavit signed by Donna Sherman on June 15, 2010, stating that in 2009 Aubrey Newsome told Donna Sherman she (Newsome) had stolen Devriendt's wallet and money the night before the murder, and that on the morning of the killing, Fryou went to Devriendt's house to return the wallet to keep Newsome out of trouble.  [1, pp. 16-17]  The second post conviction motion also refers to an affidavit of Newsome's son to the effect that Newsome had the wallet and money the night before Devriendt was killed, but that affidavit is dated prior to Fryou's first post-conviction motion.

## LAW AND ANALYSIS

The records before the Court establish that direct review of Fryou's conviction and sentence concluded on August 5, 2008 when the time to seek certiorari in the state court expired. The time prescribed for filing a federal habeas for review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

---

[5]Miss. Code Ann. § 99-39-27(9) provides that dismissal or denial of a post conviction application is a final judgment which bars a second or successive application with limited exceptions, one of which is that the applicant has evidence "not reasonably discoverable at the time of trial, that is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence."

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Since the one-year period expired before Fryou filed his first post-conviction application in January 2010, there is no tolling of the limitation period under subsection (2). *See Grillete v. Warden*, 372 F.3d 765-769 (5th Cir. 2004); *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). Fryou's petition was filed June 21, 2011, well beyond the one-year time period following conclusion of direct review.

Fryou argues his petition is timely filed because the Sherman affidavit was not signed until June 15, 2010; that he only then discovered the "factual predicate" for his claims in Grounds One and Four, so the one-year period did not begin to run in his case until that date. The Fifth Circuit rejected a similar contention in *Flanagan* holding that Flanagan's time for filing a federal habeas petition was not tolled until he was able to locate and secure an affidavit from his disbarred trial lawyer regarding whether Flanagan was informed of his right not to testify at trial. Fryou, like Flanagan, "is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim." *Id.*, 154 F.3d at 199. "Section 2244(d)(1(D) does not convey a statutory right to an extended delay ... while a

habeas petitioner gathers every possible scrap of evidence that might ... support his claim." *Id*. Before his 2007 trial even occurred, Fryou obviously knew the factual predicate of his claim – that Newsome took Devriendt's wallet and Fryou was returning it to Devriendt when Fryou killed Devriendt – because it appears in the facts recited by the appellate court in its decision in his case base upon the trial record. *Fryou v. State*, 987 So.2d at 465.

Fryou also argues § 2244(d)(1)(D) saves his Ground Four claim – that the state court denied him due process in denying his second (successive) post-conviction motion without an evidentiary hearing and that he could not have known about the decision denying his application until the Supreme Court entered its order on November 9, 2010. A state court decision is not a "factual predicate" for purposes of 28 U.S.C. § 2244(d)(1)(D). *Ybanez v. Johnson*, 204 F.2d 645, 646 (5th Cir. 2000). The undersigned therefore finds the Federal habeas limitations period was not tolled under § 2244(d)(1(D) for this claim. There is no merit in Fryou's argument that § 2244(d)(1(D) saves his Grounds One and Four from the time bar.

In motion [6], Fryou denies that state court procedural bar applied with respect to the remaining Grounds of his habeas petition. Grounds Two and Three, Fryou's ineffective assistance claims, are based on counsel's failing to present "evidence of actual innocence" – that Devriendt did not own the truck Fryou took from Devriendt's house after killing him so Fryou's taking the truck could not be robbery, and without the robbery, Fryou's killing  Devriendt could not be capital murder,[6] – and in counsel's failing to impeach Newsome with criminal convictions, and Ground Five asserts cumulative error based on Grounds One through Three.

---

[6]Fryou does not claim the truck was his, or that he had any right to take it, and does not deny taking it from Devriendt's house after stabbing Devriendt. The issue is not whether Devriendt held title to the truck, but that Fryou had no claim to it. *See McGilberry v. State*, 741 So.2d 894, 914-915 (Miss. 1999)(even if child-support money order was for benefit of Defendant, his taking of the money order was proper evidence of underlying crime of robbery in capital murder prosecution for killing of Defendant's parents and other relatives).

Fryou admittedly had different counsel on his direct appeal than at trial.  And the state court ruled on Fryou's *first* post conviction motion that he had failed to meet both prongs of *Strickland*.  [7-4]  There can be no dispute that *Strickland* provides the standard for determining ineffective assistance claims.  Fryou has failed to show any unreasonable application by the state court of the *Strickland* standard to his case.  Judicial scrutiny of counsel's performance is "highly deferential," and the petitioner must overcome a strong presumption that counsel acted reasonably under the circumstances and exercised reasonable professional judgment.  *Id.*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 816-17 (5th Cir. 1986).  Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), *cert. denied*, 531 U.S. 849. Even if Fryou had timely filed this federal habeas petition, he has presented nothing to this Court to support any finding that Counsel's failure to argue the truck ownership issue or the failure to impeach Newsome with prior convictions constituted anything other than Counsel's trial strategy in defending Fryou against the capital murder charge.  The undersigned finds no merit in Fryou's Grounds Two, Three and Five, the latter being premised on the cumulative effect of Grounds Two and Three.

The one-year period for Fryou to file a habeas petition in this Court began to run on August 5, 2008.  He has shown neither any statutory tolling, nor any "rare and exceptional circumstance" to warrant equitable tolling, of that period.  His habeas petition filed June 21, 2011 should be dismissed as untimely filed.

## **RECOMMENDATION**

Based on the Petition, the record and documents on file, and relevant legal authority, the undersigned recommends that Petitioner's motions [5] and [6] be denied, that Respondent's

motion to dismiss [7] be granted, and Petitioner's Application for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 8th day of December, 2011.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE